**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CARLOS REED,**

    **Petitioner,**

v.                                          **CASE NO. 6:09-cv-86-Orl-35KRS**

**SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,**

    **Respondents.**

_____/

**ORDER**

This case is before the Court on Petitioner's initial petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1) and amended petition (Doc. No. 20). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed responses to the petitions (Doc. Nos. 10 and 23), and Petitioner then filed replies (Doc. Nos. 24 and 31) to the responses.

Petitioner alleges eight claims for relief in his petitions: 1) the trial court erred in limiting "Petitioner's anticipatory rehabilitation of his credibility"; 2) trial counsel was ineffective "for failing to preserve for appeal [the] erroneous limitation on [Petitioner's] testimony"; 3) trial counsel was ineffective for failing to object to and request a remedy in response to "inadmissible evidence of [Petitioner's] character and propensity"; 4) trial counsel was ineffective for failing to object to improper closing argument; 5) trial counsel was ineffective for failing to interview, investigate, and call defense witnesses (raised as

claim one in the amended petition); 6) trial counsel was ineffective for failing to adequately advance Petitioner's defense of self-defense or request a jury instruction on the issue (raised as claim two in the amended petition); 7) trial counsel was ineffective for conceding to the jury that Petitioner admitted guilt to the crime (raised as claim three in the amended petition); and 8) the trial court interfered with the cross-examination of the victim by Petitioner's counsel (raised as claim four in the amended petition).

## I.     Procedural History

Petitioner was charged by information with resisting an officer with violence (count one) and battery on a law enforcement officer (count two). The charges stemmed from an altercation between Petitioner and Nola Seeber, a correctional officer in Petitioner's prison unit. A jury trial was held, and Petitioner was found guilty as to count one and not guilty as to count two. The trial court adjudicated Petitioner guilty of the crime and sentenced him, as a habitual felony offender, to imprisonment for a term of ten years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.    Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an

>unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

>Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

*B.     Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### C.   *Exhaustion and Procedural Default*

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (i)   there is an absence of available State corrective process; or
> >
> >        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been

5

denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id*.; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same

for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### III.   Analysis
### A.   Claim One

Petitioner states that the trial court erred in limiting the "anticipatory rehabilitation of

his credibility." This claim was raised on direct appeal.

On direct examination, Petitioner was asked whether he had prior felony convictions and whether any of those convictions involved crimes of dishonesty. (Appendix B, Transcript of Trial at 92.) Petitioner responded that he had previously been convicted of seven felonies and that two of those convictions involved crimes of dishonesty. *Id*. at 92-93. Petitioner's counsel then asked Petitioner, "[H]ow did you resolve those cases; did you go to trial"? *Id*. at 93. Petitioner replied "[n]o sir," and the prosecutor immediately objected. *Id*. The trial court sustained the objection, *id*., and Petitioner contends that the trial court erred in sustaining the objection since, under Florida law, he was allowed to present testimony to "reduce the impeaching effect of his prior convictions by explaining how they resulted from the guilty pleas." *See* Doc. No. 1 at 5.

As an initial matter, the Court notes that alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A cognizable habeas claim is presented, however, when a state court's evidentiary ruling runs afoul of a specific constitutional right or renders the petitioner's trial fundamentally unfair. *See Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). Under such circumstances, the petitioner must show that the error had "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation and citation omitted). To the extent that Petitioner asserts that the trial court erred under the Florida Rules of Evidence, he merely alleges a violation of state law which does not entitle him to federal habeas relief.

Even assuming, without deciding, that the trial court's ruling was erroneous, Petitioner has not shown that the error violated any of his constitutional rights or that his trial was rendered fundamentally unfair. Petitioner testified that he did not go to trial as to all of the cases resulting in convictions.

Moreover, Petitioner has not shown that the trial court's ruling had a substantial and injurious effect or influence on the verdict. In particular, he has not demonstrated how the trial court's ruling actually prejudiced him. Petitioner has not shown that his inability to advise the jury that he entered pleas in certain cases played a crucial, critical, or highly significant role in the verdict. In fact, Petitioner has not demonstrated that this evidence would have had any impact whatsoever on the jury's verdict. Sufficient evidence existed from which the jury could convict Petitioner without regard to his prior convictions.

As such, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the state court's determinations have resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Thus, Petitioner is entitled to no habeas relief due to the alleged trial court error, and claim one is denied.

## B.  *Claim Two*

Petitioner argues that trial counsel was ineffective "for failing to preserve for appeal [the] erroneous limitation on [Petitioner's] testimony." Petitioner states that, when the trial court sustained the objection after he replied "[n]o, sir" to the question of whether he went to trial on the other cases, counsel should have challenged the trial court's ruling or

9

proffered Petitioner's testimony on this issue. According to Petitioner, the absence of a proffer precluded appellate review of the matter. This claim was raised in Petitioner's Rule 3.850 and was denied because there was no showing of prejudice.

This claim is without merit. "A defendant claiming ineffective assistance of trial counsel must demonstrate prejudice at trial, not on appeal." *Acker v. Secretary, Florida Dept. of Corrections,* 2009 WL 1149438, at *9 (M.D. Fla. April 28, 2009). As discussed by the Eleventh Circuit Court of Appeals in *Purvis v. Crosby,* 451 F.3d 734, 739 (11th Cir. 2006), "[t]he Supreme Court in *Strickland* told us that when the claimed error of counsel occurred at the guilt stage of a trial (instead of on appeal) we are to gauge prejudice against the outcome of the trial: whether there is a reasonable probability of a different result at trial, not on appeal." In this claim, Petitioner does not assert any prejudice in the trial; rather, he contends the prejudice he suffered was because the issue was not preserved for appeal. Since Petitioner has not shown that the outcome of his trial would have been different, his ineffective assistance of counsel claim is without merit.[3]

As such, the state court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, and it was not based upon an unreasonable determination of the facts in light of the evidence presented.

## C.   *Claim Three*

Petitioner asserts that trial counsel was ineffective for failing to object to and request a remedy in response to "inadmissible evidence of [Petitioner's] character and propensity."

---

[3] The Court notes that, on direct appeal, Petitioner filed a *pro se* initial brief and raised the issue of whether the trial court erred in limiting the "anticipatory rehabilitation of his credibility." However, because the state appellate court affirmed *per curiam*, it is not clear whether the issue was considered on the merits.

In particular, he identifies certain comments made by Correctional Officer Nola Seeber during direct examination.

Petitioner first discusses that Officer Seeber testified that she was "assigned to the 6-Charlie Unit, which is a general population unit [that housed] all high/medium arm-banded inmates, meaning they had a higher classification." (Appendix B, Transcript of Trial at 17.)  Next, Petitioner mentions that Officer Seeber could not recall what was said to Petitioner during the altercation, *id*. at 48-49, and that counsel should have raised an objection.  However, Petitioner does not explain the basis for an objection.  Finally, Petitioner states that Officer Seeber repeated profanities uttered by Petitioner during the altercation. *Id*. at 24.  This claim was raised in Petitioner's Rule 3.850 motion and was denied because there had been no showing that counsel acted deficiently or that Petitioner was prejudiced by the failure to object.

As to the first issue, after Officer Seeber testified that she had been assigned to the "6-Charlie Unit" and that they had "all high/medium arm-banded inmates," Petitioner's counsel objected to this testimony. *Id*. at 17.  There was a discussion of the matter at a side-bar conference, and the trial court instructed Officer Seeber, out of the presence of the jury, to refrain from commenting on Petitioner's level of risk or dangerousness. *Id*. at 18-19.  Officer Seeber made no further comments regarding Petitioner's level or risk or dangerousness.

According to Petitioner, counsel never obtained a ruling from the trial court on the objection and never requested a curative instruction or a mistrial.  However, as mentioned, the trial court did rule on the matter and instructed Officer Seeber accordingly.  In addition,

11

there has been no showing that a curative jury instruction or a mistrial was necessary, particularly since Officer Seeber was admonished by the trial court and no further statements were made regarding Petitioner's level of risk or dangerousness. Under the circumstances, Petitioner has failed to establish that counsel acted deficiently or that he sustained prejudice.

Contrary to Petitioner's assertion, it was Correctional Officer Danny Talley who stated that he did not remember what was told to Petitioner during the altercation not Officer Seeber. *Id*. at 48-49. In any event, Petitioner has failed to explain how this testimony was objectionable or how he sustained prejudice.

The last issue concerns the references to profanities used by Petitioner. This testimony showed Petitioner's state of mind at the time he committed the offense, and Petitioner has not established that it was objectionable. In fact, Petitioner himself testified on three occasions that he uttered profanities at Officer Seeber. *Id*. at 94, 99, 101. Thus, Petitioner has not shown any prejudice.

As such, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.

### D.    *Claim Four*

Petitioner claims that trial counsel was ineffective for failing to object to improper closing argument. In particular, Petitioner states that the prosecutor improperly commented on Petitioner's prior record, argued facts not in evidence, and offered personal opinions of guilt. This claim was raised in Petitioner's Rule 3.850 motion and was denied

because there had been no showing of prejudice.

During closing argument, the prosecutor stated that Petitioner was "a seven-time convicted felon." *Id*. at 126. The comment was made in the context of the prosecutor's discussion about judging the credibility and motives of witnesses, and it was not a feature of the closing argument. In addition, the jury had already heard that Petitioner had seven prior felony convictions, and it was appropriate to discuss his prior convictions in order to evaluate his credibility.

The prosecutor also stated that Officer Talley had "bear hugged" Petitioner and "instantly handcuffed" him. *Id*. at 142. However, as noted by Petitioner, Officer Talley did not handcuff Petitioner; instead, he was handcuffed by Correctional Officer Malek Bevel. *Id*. at 53. Although the prosecutor was mistaken as to who handcuffed Petitioner, the prosecutor's argument on this issue was focused on Officer Talley's physical control of Petitioner through the "bear hug," not on the actual handcuffing. In any event, the prosecutor also reminded the jurors that "what the attorneys say is not evidence" and that it was the jurors' recollection of the evidence that mattered. *Id*. at 141.

Finally, Petitioner lists several comments which he contends were improper expressions of the prosecutor's personal knowledge and belief of guilt. Several times the prosecutor argued that there was nothing for the jurors to decide and that "we know" what the evidence showed. In Florida, counsel's role in closing argument is to assist the jury in analyzing the evidence, *see Ruiz v. State*, 743 So.2d 1, 4 (Fla.1999), and wide latitude is afforded to counsel in closing arguments. *See Breedlove v. State*, 413 So.2d 1, 8 (Fla.1982). Here, the prosecutor merely argued the conclusions the jury should draw from

13

the evidence, and there was no basis upon which Petitioner's counsel should have objected.

In addition, even if any of the comments discussed in this claim were improper, Petitioner cannot prevail because improper prosecutorial remarks will compel habeas corpus relief only if the remarks are so egregious that the proceedings are rendered fundamentally unfair. *Davis v. Kemp*, 829 F.2d 1522, 1526 (11th Cir. 1987) (to determine whether a petitioner is entitled to relief based on the prosecutor's comments, the Court must engage in a two pronged analysis that considers: first, whether the prosecutor's comments were improper; and, second, whether any comments found to be improper were so prejudicial as to render the entire trial fundamentally unfair). Petitioner has not shown that the proceedings were rendered fundamentally unfair as a result of any of the prosecutor's comments.

Consequently, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

### E. Claims Five through Eight

Claims five through eight were not raised in the state court, and they are procedurally barred. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, these claims are procedurally barred and are denied.

14

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The initial habeas petition (Doc. No. 1) and the amended habeas petition (Doc. No. 20) filed by Carlos Reed are **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 30th day of June 2011.

Copies to:
OrlP-2 6/30
Counsel of Record
Carlos Reed

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE